IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 2:25-cr-00535-DCN |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL BRENDAN KURT CLARKE-POUNDER | ) | |

**PRELIMINARY ORDER OF FORFEITURE AS TO DANIEL BRENDAN KURT CLARKE-POUNDER**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Daniel Brendan Kurt Clarke-Pounder ("Clarke-Pounder" or "Defendant"), based upon the following:

1. On April 8, 2025, an Indictment was filed charging Clarke-Pounder with:

Count 1: Arson of property used in interstate commerce, in violation of 18 U.S.C. §844(i);

Count 2: Unlawful making of a firearm, in violation of 26 U.S.C.§§ 5867(f) and 5871;

Count 3: Possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Clarke-Pounder's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

Cash Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained directly or indirectly from the offense charged in the Indictment, that is, a minimum of $60,000.00 in United States currency and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from the arson offense charged in the Indictment.

3. On August 4, 2026, Clarke-Pounder pled guilty to Counts 1, 2 and 3 of the Indictment.

4. Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. §§844(c)(1), 981(a)(1)(C) and (G), and 982(a)(2)(B), and 28 U.S.C. § 2461(c).

Accordingly, it is hereby **ORDERED,**

1. FORFEITURE IS ORDERED against Daniel Brendan Kurt Clarke-Pounder and in favor of the United States for $60,000.00 in United States Currency. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property to satisfy the forfeiture judgment.

2. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed forfeiture judgment.

3. Upon the entry of this order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

4. The government is not required to publish notice regarding the personal forfeiture judgment against Defendant; however, the order shall be recorded in the records of the county clerk's office in the county of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

5. Upon entry of the criminal judgment, this order becomes final as to Defendant and

shall be made a part of the sentence and included in the criminal judgment.

6. The court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

7. The Clerk, United States District Court, shall provide one (1) certified copy of this order to the United States Attorney's Office.

AND IT IS SO ORDERED.

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

November 24, 2026
Charleston, South Carolina